**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin R. Brown; Delaine M. Brown, ) | No. CV-10-1919-PHX-FJM |
| )  Plaintiffs, ) | **ORDER** |
| ) vs. ) | |
| ) Brian T. Moynihan, et al., ) | |
| )  Defendants. ) | |
| ) | |

The court has before it defendants Brian T. Moynihan, Richard K. Davis, Saul Sanders, Larry B. Litton, Jr., U.S. Bank, Bank of America, Credit-Based Asset Servicing and Securitization, LLC, and Litton Loan Servicing's motion to dismiss (doc. 6), plaintiffs' response (doc. 7), and defendants' reply (doc. 14). We also have defendants Kevin McCarthy and Quality Loan Service Corporation's motion to dismiss (doc. 16), plaintiffs' response (doc. 18), defendants' reply (doc. 21), and plaintiffs' supplemental responses (docs. 22 and 23), and defendants' motion to strike (doc. 20). Finally, we have before us what plaintiffs describe as a "motion to sequester the genuine original adjustable rate note until final adjudication of this matter" (doc. 13).

On July 6, 2006, plaintiffs entered into a mortgage loan transaction in the amount of $318,750 for the purchase of residential real property located in Peoria, Arizona. The loan was secured by a Deed of Trust, executed by plaintiffs and recorded in the Maricopa County

Recorder's office. A Substitution of Trustee was recorded on March 24, 2009. Assignments of the Deed of Trust were recorded on May 19, 2009, and July 14, 2009. A Notice of Trustee's Sale was recorded on March 24, 2009, for a sale on June 23, 2009. The trustee's sale did not occur and a new Notice of Trustee's Sale was recorded on September 21, 2009, with a sale date of December 21, 2009. Eventually, the trustee's sale was rescheduled for September 2, 2010. Plaintiffs filed their complaint on August 24, 2010, in the Superior Court of Arizona in Maricopa County. The court granted plaintiffs' motion for temporary restraining order, enjoining the trustee's sale. On September 7, 2010, defendants removed the case to federal court.

Plaintiffs' complaint, filed against five financial institutions and six presidents/CEOs of those institutions, purports to allege a single count for "Declaratory Relief," although this claim is not related to any specific cause of action. Plaintiffs broadly challenge the validity of their home loan, arguing that the Deed of Trust, Assignments of Deed of Trust, and Substitution of Trustee are invalid, that the foreclosure papers were "fraudulently" notarized, and that defendants have no right to non-judicial foreclosure. They contend that they were "tricked" into believing they received a loan, that they never obtained an actual loan for the purchase of the property, but instead simply traded a promissory note for the house in what they call a "currency exchange." Complaint ¶¶ 93, 141. Finally, they argue that the Deed of Trust is unenforceable because the related promissory note "was not integral to the Deed of Trust." Id. ¶¶ 28-30. Plaintiffs' claims are based in large part on the opinions of purported "expert" Cynthia J. Cantrell, who is involved in a series of similar cases in this court, both on her own behalf, see, e.g., Cantrell v. Bank of America, No. 10-CV-2145-FJM (D. Ariz. filed Oct. 6, 2010), and as a purported "expert" for others, see, e.g., Nichols v. Bosco, No. 10-CV-1872-FJM (D. Ariz. filed Sept. 1, 2010).

Defendants now move to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P., for plaintiffs' failure to state a claim. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

- 2 -

1  Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  The court is not "required to
2  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
3  unreasonable inferences."  Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.
4  2001).  Likewise, a dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable
5  legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
6  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

7        Rather than responding to the pleading deficiencies raised in defendants' motions to
8  dismiss, plaintiffs' responses consist largely of a rambling diatribe of baseless allegations of
9  fraudulent and criminal activity leveled against defendants and their lawyers, based on a
10 misguided understanding of Arizona law governing deeds of trust.

11       Under Arizona law, a "power of sale is conferred upon the trustee of a trust deed
12 under which the trust property may be sold . . . after a breach or default in performance of
13 the contract or contracts, for which the trust property is conveyed as security."  A.R.S. § 33-
14 807(A).  The Arizona statutes governing the sale of foreclosed property through a trustee's
15 sale do not require that the foreclosing party produce a physical copy of the original
16 promissory note.  Plaintiffs' arguments that defendants have no right to non-judicial
17 foreclosure unless they show possession of the original note or that they are the "holder in
18 due course" have been consistently rejected by this court.  See, e.g., Diessner v. Mortgage
19 Elec. Regis. Sys., 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009).

20       We also reject plaintiffs' argument that the chain of title is broken and evidence of
21 "fraud" exists if a notary dated and signed an instrument after the date of signature.  Arizona
22 law does not require a notary to actually witness a signature.  A.R.S. § 33-503; City
23 Consumer Servs. Inc. v. Metcalf, 161 Ariz. 1, 4-5, 775 P.2d 1065, 1068-69 (1989).

24       Plaintiffs' theory that they never actually received a loan and that the transaction was
25 a "currency exchange" is also without merit.  Complaint ¶¶ 92-93.  Although difficult to
26 understand, this argument appears to be that because plaintiffs never actually had possession
27 of the currency there was no "loan."  Such claims have been referred to as a "vapor money"
28 theory and have been roundly rejected as "frivolous."  See, e.g., Agra v. OneWest Bank,

2009 WL 3526585, at *4 (C.D. Cal. Oct. 23, 2009) (and cases cited therein). From a common sense standpoint, it is hard to believe plaintiffs take it seriously. The argument ignores the fact that plaintiffs accepted the benefits of the loan transaction (which they now contend never occurred) by using the proceeds of the loan to purchase a house that they are presumably still living in to this day.

Plaintiffs' claims against the individual defendants must be dismissed because there are no allegations of any personal participation or even knowledge of the banking institutions' alleged wrongful conduct. Dawson v. Withycombe, 216 Ariz. 84, 101, 163 P.3d 1034, 1051 (Ct. App. 2007). Corporate officers cannot be held personally liable for a corporation's wrongful conduct solely by virtue of the office they hold.

We deny plaintiffs' motion to sequester the genuine original note (doc. 13). Even assuming the motion is procedurally proper, we have already concluded that defendants have no obligation to produce the original note.

Finally, defendants have filed a motion to strike certain statements from plaintiffs' response (doc. 18) as irrelevant, false, and scandalous (doc. 20). While we agree with defendants that much of plaintiffs' responses contain irrelevant and abusive commentary, it is nevertheless useful to consider the entire context of the briefings in rendering this decision. Defendants' motion to strike is denied (doc. 20).

We conclude that plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the complaint is dismissed in its entirety. And because it cannot be saved by amendment, the dismissal is with prejudice.

**IT IS ORDERED GRANTING** defendants' motions to dismiss (docs. 6 and 16).

**IT IS ORDERED DENYING** defendants' motion to strike (doc. 20).

**IT IS ORDERED DENYING** plaintiffs' motion to sequester the genuine original adjustable rate note (doc. 13).

The clerk shall enter final judgment.

The scheduling conference set for November 19, 2010 is vacated. We urge plaintiffs to seek the advice of counsel. If they do not have one, they may wish to contact the Lawyer

1  Referral Service of the Maricopa County Bar Association at 602-257-4434.  While it is true
2  that the current status of the mortgage and banking sector is problematic, it takes a lawyer
3  to identify meritorious claims.
4        DATED this 9th day of November, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge