**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Martin R. Brown; Delaine M. Brown, | ) | No. CV-10-1919-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Brian T. Moynihan, et al., | ) | |
| Defendants. | ) | |

Plaintiffs filed this action against five financial institutions and six presidents/CEOs of those institutions broadly challenging the validity of their home loan, arguing that the Deed of Trust, Assignments of the Deed of Trust, and the Substitution of Trustee were invalid, that the foreclosure papers were "fraudulently" notarized, and that the defendants had no right to a non-judicial foreclosure. They argued that they were "tricked" into believing that they had received a loan, that they never obtained an actual loan for the purchase of the property, but instead simply traded a promissory note for a house in what they called a "currency exchange." We granted the defendants' motion to dismiss for failure to state a claim (doc. 24).

Defendants now move for an award of attorneys' fees and costs, arguing that they are entitled to fees as the prevailing parties in an action arising out of a contract (doc. 28). See A.R.S. § 12-341.01. Plaintiffs have not responded to the motion.

A court has wide discretion is deciding whether to award fees under § 12-341.01. The award of fees "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." Id. § 12-341.01(B). "It need not equal or relate to the attorney fees actually paid or contracted." Id. In deciding whether to award fees under § 12-341.01, we consider factors such as (1) whether the unsuccessful party's claim was meritorious; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; and (5) whether the award would discourage other parties with tenable claims from litigating them. Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

After considering each of the Warner factors, we conclude that an award of fees in this case is appropriate. Plaintiffs' claims were wholly without merit. We noted in our Order that plaintiffs' response to defendants' motion to dismiss "consist[ed] largely of a rambling diatribe of baseless allegations of fraudulent and criminal activity leveled against defendants and their lawyers." (Doc. 24 at 3). Because of the baseless nature of the claims, settlement was unlikely. Defendants prevailed on every claim and an award of fees would not discourage other parties from filing meritorious actions. Because plaintiffs did not respond to the motion for fees, the court is uninformed as to whether an award of fees would cause a hardship. Nevertheless, given that plaintiffs defaulted on their mortgage loan, it is reasonable to presume that a hardship is likely. This factor alone weighs in plaintiffs' favor.

Defendants request $31,587.00 in fees, in this simple matter that was resolved on a motion to dismiss.[1] Defendants employed five lawyers, with hourly rates ranging from $650 to $200 an hour—with those fees in the higher range exceeding prevailing Phoenix rates. They expended more than 126 hours defending against what they themselves viewed as a

---

[1] Defendants also request non-taxable costs in the amount of $777.06. However, non-taxable costs are not available as a part of an award of attorney's fees under § 12-341.01. Ahwatukee Custom Estates Mgmt. Ass'n v. Bach, 193 Ariz. 401, 401, 973 P.2d 106, 106 (1999).

- 2 -

1  frivolous complaint.  We think ten hours at $250.00 per hour would be sufficient to get a
2  frivolous complaint dismissed.  We then discount that by plaintiffs' presumed hardship to
3  yield $1,000.00
4  **IT IS THEREFORE ORDERED GRANTING** defendants' motion for an award of
5  attorneys' fees in the amount of $1,000.00 (doc. 28).
6  DATED this 17th day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge